# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE LAMOREUX, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| BUREAU OF COLLECTION ) | **JURY TRIAL** |
| RECOVERY, LLC a/k/a BUREAU OF ) | |
| COLLECTION RECOVERY, INC., ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |

## COMPLAINT

FLORENCE LAMOREUX ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BUREAU OF COLLECTION RECOVERY, LLC a/k/a BUREAU OF COLLECTION RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Luzerne, Pennsylvania 18709.

6.     Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7.     Defendant is a national debt collection company with its corporate headquarters located at 7575 Corporate Way, Eden Prairie, Minnesota 55344.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt of another person.

- 2 -

11.    Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.    Beginning in May 2012, and continuing through September 2012, Defendant contacted Plaintiff on her home telephone on a continuous and repetitive basis in its attempts to collect a debt of another person.

13.    Plaintiff does not owe the debt that Defendant was attempting to collect.

14.    During the relevant period, Defendant called Plaintiff, on average, once a week in its attempt to collect this debt.  In those calls, Defendant identified that it was calling in an attempt to collect a debt of an individual named of "Faye Lamoreux."

15.    In addition, Defendant left messages on Plaintiff's home answering machine disclosing that it was calling to collect a debt owed by a "Faye Lamoreux."

16.    Although Plaintiff's last name is "Lamoreux," she has never used the name "Faye" and does not know an individual by the name "Faye Lamoreux."

17.    On multiple occasions, Plaintiff has spoken with Defendant's collectors, including a collector who identified himself as "Markel," to inform them that she is not "Faye Lamoreux," no one by that name lives at the called number, and to stop calling her.

PLAINTIFF'S COMPLAINT

18.     Defendant failed to investigate the information and/or update its records to avoid the further harassment of Plaintiff.

19.     Moreover, Defendant did not possess any information to contradict Plaintiff's statements.

20.     Nevertheless, Defendant persisted in calling Plaintiff about a debt of a person named "Faye Lamoreux."

21.     Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing, knowing Plaintiff was not the correct person it sought.

22.     By continuously calling over a debt she did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which as the natural consequences of harassing the recipient.

23.     Upon information and belief, information was readily available to Defendant, and/or was available in the public domain, that the number it was calling belonged to Plaintiff and/or was associated with Plaintiff's home address.

24.     Plaintiff has spent time and effort dealing with these calls and trying to stop the collection calls to her for another person.

25.     Finally, in an effort to stop the collection calls, Plaintiff retained counsel to assist her.

26.     On September 19, 2012, Plaintiff's counsel sent Defendant a written demand that it cease all communications with Plaintiff.   See Exhibit A, the

September 19, 2012, Letter to Defendant.

27.     In addition, this letter notified Defendant that Plaintiff was represented by counsel and that all further communication should be directed to his attorney.  See Id.

28.     Defendant received the letter of representation on September 24, 2012.  See Exhibit B, USPS Domestic Return Receipt.

29.     Despite receiving counsel's demand to stop direct communication with Plaintiff, and Plaintiff's instructions to stop calling her, Defendant continued to call Plaintiff in its attempt to collect this debt.

30.     Specifically, Defendant called Plaintiff on October 2, 2012, at 6:10 p.m.

31.     The repetitive calls to Plaintiff were harassing, aggravating and highly intrusive.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

32.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692b(2) and 1692b(3).

a.     Section 1692b(2) of the FDCPA prohibits a debt collector from disclosing that a consumer owes a debt when it is

communicating with a person other then the consumer for the purpose of acquiring location information.

b.      Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

c.      Here, Defendant violated §§1692b(2) and 1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, and disclosing the existence of the debt to Plaintiff.

## COUNT II

33.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

b.      Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In absence of knowledge of circumstances to

the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

c.    Here, Defendant violated §1692c(a)(1) of the FDCPA when it contacted Plaintiff repeatedly about another person's debt.

## COUNT III

34.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

a.    Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff once a week over a period of five (5) months, with the intent to annoy, abuse and harass Plaintiff; when it failed to verify the contact information for the actual

PLAINTIFF'S COMPLAINT

debtor; and when it failed to stop contacting Plaintiff after having been notified in writing that she did not want to be contacted.

**COUNT IV**

35.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a.  Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.  Here, Defendant violated §1692f of the FDCPA when it failed to update its records and remove Plaintiff's home telephone number from its call records, after having been told that it was calling the wrong number, and continuing to contact Plaintiff after learning that she was represented by counsel.

WHEREFORE, Plaintiff, FLORENCE LAMOREUX, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- 8 -

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FLORENCE LAMOREUX, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/03/2013                KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 9 -

PLAINTIFF'S COMPLAINT